**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| CLARENCE ZANDERS<br>9815 East Alabama Drive, Unit 421<br>Aurora, Colorado 80247<br><br>Plaintiff<br><br>v.<br><br>DANA DRIVESHAFT MANUFACTURING, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:26-cv-2443<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**PLAINTIFF CLARENCE ZANDERS' COMPLAINT
(with Jury Demand)**

NOW COMES Plaintiff Clarence Zanders hereby proffers this Complaint for damages against Defendant Dana Driveshaft Manufacturing, LLC.

**THE PARTIES**

1. Plaintiff is a natural person residing in the State of Colorado.

2. Defendant Dana Driveshaft Manufacturing, LLC, is a Delaware company with operations in Allen County, Ohio.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, with this Court having jurisdiction pursuant to 29 U.S.C. § 2617.

4. Venue is proper due to the fact that the Defendant has workplace in Allen County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as a full-time employee from approximately June 21, 2008, until he was discharged on or about November 10, 2023.

6. In 2023, Plaintiff began suffering from severe depression and anxiety that required medical intervention and culminated in him missing some work time.

7. On or about October 19, 2023, Plaintiff was designated for intermittent FMLA leave time for one year that began on October 3, 2023.

8. Plaintiff took leave time for his severe depression and anxiety on October 3, 4, and 5, and November 1, 2, 5, 7, and 8, 2023.

9. Plaintiff utilized the proper call-off procedure and gave notice of an FMLA-qualifying reason for each of the dates listed in ¶ 8.

10. Defendant had a "no fault" attendance point system.

11. Plaintiff was given negative attendance points for at least November 7 and 8, 2023.

12. The points Plaintiff was given as described in ¶ 11 caused Plaintiff go past the limit and be discharge for attendance points on November 9, 2023.

13. Defendant had at least 50 employees within a 75-mile radius at all times during the years 2022 and 2023.

14. Plaintiff had worked at least 1,250 in the twelve months immediately preceding each of the leave times during the year 2023.

## COUNT I
## INTERFERENCE WITH AND/OR RETALATION FOR THE EXERCISE OF FMLA RIGHTS
## 29 U.S.C. § 2601 et seq.

15. Plaintiff realleges all facts contained in the preceding paragraphs as if fully rewritten here.

16. Defendant is an "employer" as that is defined by 29 U.S.C. § 2611(4)(A).

17. Plaintiff was an "eligible employee" as that is defined by 29 U.S.C. § 2611(2)(A) at the time of all leaves for his serious health condition during the year 2023 taken for severe depression and anxiety, which was a "serious health condition" as defined under the FMLA.

18. Defendant violated the FMLA by using FMLA-protected leave time as a negative factor in discharging Plaintiff from employment.

19. Defendant violated the FMLA by assessing Plaintiff points in a no-fault attendance regime for leave time protected by the FMLA.

20. Defendant's adverse actions were taken in retaliation for Plaintiff's exerciser of his FMLA rights.

21. Defendant's violation(s) of the FMLA were deliberate and willful and were known by Defendant to be unlawful at the time they occurred.

22. Defendant's violations of the FMLA were not in good faith, nor did Defendant have reasonable grounds to believe it was not violating the FMLA, as set forth in 29 U.S.C. § 2617(a)(1)(A)(iii).

23. Defendant's violation of 29 U.S.C. § 2615(a)(1) entitles Plaintiff to lost pay and benefits, liquidated damages equal to lost pay and benefits, attorneys' fees and costs, in an amount to be determined at trial, but in any event in excess of $350,000.00, plus the equitable remedy of reinstatement and/or front pay.

**WHEREFORE** Plaintiff demands,

For Count I, lost pay and benefits, liquidated damages equal to lost pay and benefits, and attorneys' fees and costs, in an amount to be determined at trial, but in any event in excess of $350,000.00, plus the equitable remedy of reinstatement and/or front pay.

**JURY DEMAND**

Plaintiff demands a jury decide all claims.

Respectfully Submitted,

s/ Gary A. Reeve

Gary A. Reeve (0064872)
Lead Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881
*greeve@reevelaw.net*